No. 32,915

J. M. Molesworth, *Appellee,* v. Thomas F. Coughlin and Thomas J. Coughlin, *Appellants.*

(61 P. 2d 912).

Opinion filed November 7, 1936.

*W. L. Joyce* and *Karl V. Shawver,* both of Paola, for the appellants.

*B. J. Carver,* of Paola, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This was an action in the nature of a creditor's bill to set aside a deed from a father to his son alleged to have been given in fraud of plaintiff and to subject the property to the payment of plaintiff's judgment obtained in another action. A trial resulted in a decree for plaintiff. Defendants have appealed.

On November 13, 1933, J. M. Molesworth recovered a personal judgment against Thomas F. Coughlin for $3,331.30 on a promissory note and foreclosing a mortgage given on 80 acres of land in Miami county to secure the note. After a hearing the court fixed an upset price of $1,600 for the sale of the land under the foreclosure decree. The land was sold under the decree for $2,378, leaving a deficiency judgment of $753.30. Thereafter this action was brought. The petition set forth the facts above stated and alleged that the defendant Thomas F. Coughlin, in 1922, had purchased, and has since owned, an undivided half interest in certain described real property in the city of Paola, on which was situated a property known as the Jackson hotel; that the personal judgment in the foreclosure action became a lien upon his interest in that property, and that thereafter, and on December 14, 1933, Thomas F. Coughlin and wife had conveyed it to his son, Thomas J. Coughlin, without consideration and for the purpose of hindering, delaying and defrauding plaintiff in the collection of his judgment. The prayer was that the deed be set aside, and that the half interest in the property be held subject to the payment of the judgment. The answer admitted the execution of the deed and the rendition of the judgment, but alleged that long prior to the filing of the foreclosure action, and in November, 1932, Thomas F. Coughlin, then an unmarried man, had conveyed the property to his son, reserving certain rights of use or income. It further alleged that a few days prior to the filing of the foreclosure action Thomas F. Coughlin had entered into an oral agreement with Molesworth, by the terms of which he was to convey the 80 acres of mortgaged land to Molesworth and pay him $80 in satisfaction of the mortgage, and that in attempting to carry out his part of that agreement he had delivered to Molesworth the abstract of title to the land which Molesworth had retained. The answer also contained a general denial.

On the day before the trial was had, in October, 1935, defendants placed of record a general warranty deed from Thomas F. Coughlin to his son for a half interest in the hotel property, purporting to have been executed November 2, 1932, reciting a consideration of one dollar, parental love, affection, and other considerations of value.

Upon the trial plaintiff showed his judgment and deed by record evidence, also that Thomas F. Coughlin had looked after the rental

of the hotel property, at times purporting to act as agent for his son, and that checks for rents had been made, sometimes to the father and sometimes to the son, but were all endorsed by the wife of the father, and that she had paid half the taxes thereon for 1933.

Defendants produced testimony to the effect that the deed recorded the day before the trial was actually executed on the day it was dated, November 2, 1932, and that at the same time the son and father executed a written agreement as to the father's use of the property or income therefrom. In rebuttal it was shown that on April 30, 1933, Thomas F. Coughlin had executed a mortgage on the Paola property in controversy to secure his note for $600. Thomas F. Coughlin admitted executing this instrument, and that he did not tell the grantee that he did not own the property, and that he did so when his son was away from home. He also testified that at the time he was incompetent because of his illness.

In the decree in this case the trial court set aside the deed executed December 14, 1933, by Thomas J. Coughlin and wife to his son, and also set aside the deed dated November 2, 1932, from the father to the son, which was not recorded until the day before the trial began, and held the property to be liable for the balance due plaintiff on his judgment.

Appellants contend that the evidence is insufficient to show fraud, and that the court should have held the deed dated November 2, 1932, to be a valid conveyance, and in any event that it was error for the court to set that deed aside, since it had not been mentioned in plaintiff's petition. Obviously, it was not so mentioned because it was not recorded at that time, and there is no indication that plaintiff knew anything about it. The contention that it was actually executed at that date is seriously weakened by the fact that the father mortgaged the property in 1933, and by the further fact of the conveyance of December 14, 1933, which would have been unnecessary if there was a former deed. We think the evidence supported the judgment of the court, and that it was not error to set both deeds aside.

The judgment of the court below is affirmed.